UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 04-19(DSD/SRN)

Tony DeJuan Jackson,

    Petitioner,

v.     **ORDER**

Lynn Dingle, Warden,

    Respondent.

This matter is before the court upon the pro se motion for relief from a final judgment or order by petitioner Tony DeJuan Jackson. The background of this matter is fully set out in previous orders, and the court only recites those facts necessary to the disposition of the instant motion. In 1999, Jackson was convicted by a jury in Dakota County, Minnesota for first degree criminal sexual conduct and first degree burglary. He is currently serving a term of imprisonment 360 months to be followed by five years of conditional release. On January 6, 2004, Jackson filed a petition for habeas corpus under 28 U.S.C. § 2254. Among his claims, Jackson challenged his sentence under Apprendi v. New Jersey, 530 U.S. 466 (2000), which was decided after his conviction and sentence became final. While his petition was pending, the Supreme Court decided Blakely v. Washington, 542 U.S. 296 (2004). Jackson requested to add a claim under Blakely. On May 25, 2005, the court denied Jackson's petition and request because neither

Apprendi nor Blakely apply retroactively on collateral review. On November 16, 2010, Jackson moved for reconsideration under Rule 60(b)(6).

A court may grant relief under Rule 60(b) for "any other reason that justifies relief" when a motion is made "within a reasonable time." Fed. R. Civ. P. 60(b). As an initial matter, the instant motion is delayed five and one-half years. Such delay is not reasonable and, therefore denial is warranted. Moreover, Jackson seeks to challenge the validity of his state sentence, which is the essence of a § 2254 habeas petition. Artful pleading of a habeas claim under Rule 60(b)(6) does not excuse Jackson from the prohibition on successive § 2254 petitions without permission of the court of appeals. See 28 U.S.C. § 2244(3); United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005) (per curiam). Jackson has not received permission from the court of appeals for the instant motion, and therefore, for this additional reason, denial is warranted.[1]

Accordingly, **IT IS HEREBY ORDERED** that:

1. The motions for relief from a judgment or order [ECF No. 50] is denied; and

---

[1] Jackson's motion also fails on the merits. Dist. Attorney's Office for the Third Judicial Dist. v. Osborne, 129 S. Ct. 2308, 2320 (2009) does not give the court the power to review a state court's exercise of discretion over state postconviction relief. Further, this court has held that neither Apprendi nor Blakely apply retroactively on collateral review: the application of Teague v. Lane, 489 U.S. 288 (1989), by the state court was correct.

2

2. As to its view that the motion is a successive § 2254 petition, the court denies a certificate of appealability under 28 U.S.C. § 2253(c).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 17, 2010

                                             s/David S. Doty
                                             David S. Doty, Judge
                                             United States District Court